# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 22-988V

| | |
|---|---|
| PAMELA FLAGGS,<br><br>                  Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                  Respondent. | Chief Special Master Corcoran<br><br>Filed: September 27, 2024 |

*Jonathan Joseph Svitak*, Shannon Law Group, P.C., Woodridge, IL, for Petitioner.

*Adam N. Muffett*, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION ON ATTORNEY'S FEES AND COSTS**[1]

      On August 18, 2022, Pamela Flaggs filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration as a result of an influenza vaccine administered on September 3, 2021. Petition, ECF No. 1. On June 3, 2024, I issued a decision awarding compensation to Petitioner based on the parties' stipulation. ECF No. 29.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $26,657.41 (representing $25,621.60 in fees plus $1,035.81 in costs). Application for Attorneys' Fees and Costs ("Motion") filed June 11, 2024, ECF No. 33. Furthermore, counsel for Petitioner represents that Petitioner incurred no personal out-of-pocket expenses. *Id.* at 2.

Respondent reacted to the motion on June 25, 2024, indicating that he is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case but deferring resolution of the amount to be awarded to my discretion. Motion at 2-3, ECF No. 34. Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate, for the reasons listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private

2

practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

The hourly rates requested for attorneys Jonathan Svitak and associated paralegals are reasonable and consistent with our prior determinations and will therefore be adopted herein. However, the 2023 hourly rate requested for attorney Craig E. Donnelly, requires adjustment.

Attorney Donnelly was previously awarded the *lesser* rate of $450 per hour for his time billed in the 2023 timeframe. *See Kramb* v. *Sec'y of Health & Hum. Servs.,* No. 23-0495V, Slip Op. 27 (Fed. Cl. Spec. Mstr. August 19, 2024). I find no reason to deviate from such reasoned determination, and hereby reduce his rate accordingly, to be consistent with the aforementioned decision. **This results in a reduction of attorney's fees to be awarded of $265.60**.[3]

Petitioner has otherwise provided supporting documentation for all claimed costs. ECF No. 33-4. Respondent offered no specific objection to the rates or amounts sought. I find the requested costs reasonable and hereby award them in full.

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT in part, Petitioner's Motion for attorney's fees and costs. **I award a total of $26,391.81 (representing $25,356.00 in fees plus $1,035.81 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, Shannon Law Group, P.C.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] This amount consists of ($482 - $450 = $32 x 8.30 hrs. = $265.60).

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.